UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MATTHEW BANKSTON, a resident of McDonough, Georgia | ) ) ) | No. C-06-0783 SC |
| Plaintiff, | ) ) ) | ORDER GRANTING MOTION TO STAY |
| v. | ) ) | |
| BAYER CORPORATION, an Indiana corporation, successor to CUTTER BIOLOGICAL, a California corporation; BAXTER HEALTHCARE CORPORATION, a Delaware corporation, and its HYLAND DIVISION; and ALPHA THERAPEUTIC CORPORATION, a California corporation, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendant Bayer Corporation has filed a motion to stay the pretrial proceedings and deadlines of this action, pending transfer to a multidistrict proceeding. The remaining defendants have not filed anything in response to this motion. Plaintiff Bankston has filed a statement of non-opposition.

"District Courts have inherent authority to stay proceedings before them." Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003), citing Landis v. North American Company, 299 U.S. 248, 254 (1936). In deciding whether to issue or grant a stay, a Court should weigh the competing interests of the case, e.g., the possible hardship to the parties, the orderly course of justice, and the possible damage that may result from a delay. See Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

The Court finds that issuing a stay at this time promotes the

orderly course of justice and will not cause hardship to the parties.  Therefore, the Court GRANTS Defendant Bayer Corporation's unopposed motion to stay the pretrial proceedings and pretrial deadlines of this action, pending transfer to a multidistrict proceeding.

Accordingly, the Court STAYS the pretrial proceedings and deadlines of the above entitled action.

IT IS SO ORDERED.

Dated: April 3, 2006

_____
UNITED STATES DISTRICT JUDGE

2